IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HOPE CANCER TREATMENT FOUNDATION, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) Civil Action No. 06-1671 ) ) |
| MOUNTAINEER PARK, INC., d/b/a MOUNTAINEER RACE TRACK & GAMING RESORT, | ) ) ) ) ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **OPINION and ORDER OF COURT**

### **SYNOPSIS**

Plaintiff, a non-profit corporation, initially filed this civil action in the Court of Common Pleas of Butler County, Pennsylvania. Defendant then removed the matter to this Court, based on diversity of citizenship. The action involves a lessor-lessee relationship gone awry.

Plaintiff avers that pursuant to the parties' written agreement, a copy of which is attached to the Complaint, it leased from Defendant certain premises in

order to conduct a fundraising event.  Plaintiff's Complaint alleges breach of the agreement, in Defendant's failure to provide the leased premises to Plaintiff; interference with Plaintiff's contractual relations with actual and prospective ticket purchasers for the event; fraud in Defendant's representations regarding the event; unjust enrichment with respect to the rental money; breach of the duty of good faith and fair dealing with respect to the lease  contract; and detrimental reliance on the contractual representations.

The parties' agreement contains the following clause:  "[T]he contract, this Agreement, shall be interpreted in accordance with the laws of the state of West Virginia.  Venue shall be Hancock County, West Virginia."

Presently, Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), based on the forum selection clause.  For the following reasons, the Motion will be granted.

## OPINION

### A. Applicable Standards

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988).  I will dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L. Ed.

2d 80 (1957).

## B. Defendant's Motion

Defendant argues that the entirety of Plaintiff's Complaint is subject to the forum selection clause, and therefore that the action must be dismissed. In response, Plaintiff asserts that the clause does not encompass its tort claims, and also that Defendant waived its right, in state court, to object to venue.

Forum selection clauses are presumed to be valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). The party opposing a forum selection clause bears a "heavy burden" of showing that the clause should not be enforced. See, e.g., MoneyGram Payment Sys. v. Consorcio Oriental, S.A., 65 Fed. Appx. 844, 848 (3d Cir. 2003); Provident Mutual Life Ins. Co. v. Bickerstaff, 818 F. Supp. 116, 118 (E.D. Pa. 1993).

> If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims such as negligent design, breach of implied warranty, or misrepresentation. Coastal's claims ultimately depend on the existence of a contractual relationship between [the parties], and those parties bargained for [a different] forum. We agree with those courts which have held that where the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of such a bargain.

3

Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 203 (3d Cir. 1983);[1] See also Crescent Intern., Inc. v. Avatar Communities. Inc., 857 F.2d 943, 944-45 (3d Cir.1988).

It is true, as Plaintiff asserts, that a forum selection clause will not be binding on claims that fall outside of the clause. In Jiffy Lube Int'l v. Jiffy Lube, 848 F. Supp. 569, 576 (E. D. Pa. 1994), for example, which the Plaintiff cites, the Court enforced a choice of law provision that was by its terms narrowly restricted in application to the parties' contract. Because of that narrow restriction, the court determined that tort claims required a separate choice of law analysis. Id. Absent limiting language, however, "broad, unconditional forum selection clauses which mandate jurisdiction in a specific forum...apply to all claims, whether they be based in tort or contract, and shall be enforced." Oak Sys. v. Francotyp-Postalia, Inc., No. 01-2794, 2002 U.S. Dist. LEXIS 2213, at **7-8 (E. D. Pa. Feb. 5, 2002).

In this matter, limiting language is conspicuously absent from the forum selection clause. The provision simply does not, on its face, pertain only to disputes arising out of the Agreement. That "venue shall be" in a particular place does not distinguish between contract and tort claims. Instead, the clause must be construed to unconditionally encompass broad elements of the relationship between the parties, and disputes arising during the course of their dealing. Moreover, the

---

[1] Although Coastal Steel dealt with third parties, its principles are applicable to claims between the parties to a contract. E.g., Magla Prods., LLC v. Chambers, No. 06-0115, 2006 U.S. Dist. LEXIS 71246 (D.N.J. Sept. 29, 2006). Notably, the contract provision in Coastal Steel was similar to the one at bar: "

4

Complaint makes clear that each of the Plaintiff's claims, including those sounding in tort, ultimately depend on the existence of its contractual relationship with Defendant.  I must, therefore, find the clause applicable to all of Plaintiff's claims.

Plaintiff also argues, however, that Defendant has waived its venue argument by failing to object in state court, according to state procedural rules.  The filing of a removal petition in a diversity action does not constitute a waiver of a forum selection clause.  Spectracom, Inc. v. Tyco Int'l, Inc., 124 Fed. Appx. 75, 77 (3d Cir. 2004).  Also, according to familiar principles that have haunted untold numbers of civil procedure students, a federal court sitting in diversity is to apply its own procedural rules, rather than those of the state court.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 92, 82 L. Ed. 1188, 58 S. Ct. 817 (1938).  Plaintiff does not argue that Defendant has failed to act within the time limits imposed by the rules of this forum.  While it is possible that Defendant might have waived its objection in state court, Plaintiff points to no authority for finding such a waiver in this Court.  Accordingly, I decline to make such a finding.

## CONCLUSION

In sum, I will enforce the forum selection clause.  Because there is no federal court sitting in Hancock County, West Virginia, it is not within my authority to effect a transfer; instead, I must dismiss the case if it is in the interest of justice to do so.  See Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298-99 (3d Cir. 2001).  It is in the interest of justice, here, to dismiss the Complaint without prejudice.  An appropriate Order follows.

**ORDER**

THEREFORE, this **19th** day of January, 2007, it is ORDERED that Defendant's Motion to Dismiss [Docket No. 3] is GRANTED, without prejudice to Plaintiff to file its action in the appropriate forum. It is further Ordered that this case is closed forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge